## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| THOMAS SENTEMENTES, | : | |
| Plaintiff, | : | CASE NO. 3:21-cv-453 (MPS) |
| | : | |
| v. | : | |
| | : | |
| NED LAMONT, | : | |
| Defendant. | : | APRIL 20, 2021 |
| | : | |

_____

## ORDER

Plaintiff Thomas Sentementes, incarcerated at Osborn Correctional Institution in Somers,

Connecticut, filed this case under 42 U.S.C. § 1983.[1]  The plaintiff names one defendant,

Governor Ned Lamont in the caption of the complaint but includes nine defendants on an

attached handwritten complaint, Governor Ned Lamont; Sergeant Quinn, Officer Vadas, and

Officer Patterson of the Redding Police Department; and private citizens John Wanat, Sean

Wanat, Pasqualina Bastone, Daniel Sentementes, Bank of America CEO Brian Moynihan, and

Susan Winters.  Liberally construing the plaintiff's submission, the Court considers all nine

---

[1] In the section of the complaint titled Jurisdiction, the plaintiff states that he "bring[s] this civil complaint against the State of Connecticut and defendants under First Amendment violations which lead to the defendants violating the plaintiff['s] 14th Amendment to due process of law.  This case is severed from the plaintiff[']s right to file redress under 42 USC 1983."  ECF No. 1 at 5.  It is well-settled that "when § 1983 provides a remedy, an implied cause of action grounded directly in the Constitution is not available."  *Lehaman v. Doe*, 66 F. App'x 253, 255 (2d Cir. 2003) (summary order) (citing *Pauk v. Board of Trustees of City Univ. of New York*, 654 F.2d 856, 865 (2d Cir. 1981)); *see also Sutter v. Dibello*, No. CV-18-817(ADS)(AKT), 2019 WL 4195303, at *10 (E.D.N.Y. Aug. 12, 2019) (dismissing independent cause of action brought directly under the Fourteenth Amendment).  As First and Fourteenth Amendment claim are cognizable under section 1983, the plaintiff does not have an independent cause of action under these amendments.  The Court considers this case to have been filed under section 1983 for violation of the plaintiff's First and Fourteenth Amendment rights.

persons as defendants in this case.  The plaintiff asserts federal claims for violation of his First and Fourteenth Amendment rights.  He also asserts a claim for kidnapping which the court construes as a federal claim for false imprisonment.  In addition, the plaintiff seeks supplemental jurisdiction over state law claims for intentional infliction of emotional distress, abduction, negligence, slander, defamation of character, and breach of fiduciary duty.  For each claim, the plaintiff seeks punitive, exemplary, compensatory, and emotional distress damages in the amount of $2,000,000.00 each.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee.  *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)).  Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.   "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

2

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.     Allegations

The plaintiff and his ex-fiancé were partners in two liquor stores and a restaurant.  ECF No. 1 at 5.  On January 28, 2019, Bastone sought a restraining order based on allegations which could be disproven by surveillance footage and a 911 call.  *Id.*  Using the restraining order, Bastone made four complaints against the plaintiff.  *Id.*  He was arrested on all four charges.  *Id.* The plaintiff prevailed at trial on three charges and was found guilty on the fourth.  *Id.*

The plaintiff was incarcerated for a year.  *Id.*  Presumably upon his release, he made a post on Facebook describing Bastone's actions and stating that he had prevailed at trial despite several disadvantages.  *Id.* at 5-6.   Bastone, Winters, and the two Wanats saw the post and contact the Redding Police Department which, at the instruction of the State's Attorney's Office, issued a warrant for the plaintiff's arrest.  *Id.* at 6, 7.  The charge was nolled on November 25, 2020.  *Id.* at 6, 8, 12.

Bank of America CEO Moynihan ignored a power of attorney granted to the plaintiff's friend and would not provide the friend access to the plaintiff's bank account.  *Id.* at 13.  The CEO also acknowledged that someone was withdrawing funds from the account through an ATM but refused to cancel the plaintiff's ATM card, causing the plaintiff to lose $27,000.00.  *Id.* at 13, 15.

The plaintiff's brother, Daniel Sentementes, as executor of their mother's estate, withheld the plaintiff's inheritance for two years in breach of his fiduciary duties.  *Id.*

3

II.    <u>Analysis</u>

In this action, the plaintiff challenges his arrest following the Facebook post.

A.   <u>Governor Lamont</u>

To state a cognizable section 1983 claim, the plaintiff must allege facts showing the personal involvement of each defendant in the alleged constitutional violation.  *Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).  Although the plaintiff names Connecticut Governor Ned Lamont as a defendant, he alleges no facts suggesting that the governor had any knowledge of or involvement in the incidents underlying this action.  Accordingly, any claims against Governor Lamont are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The only relevant claims are directed against the State.   For example, in his Fourteenth Amendment claim, the plaintiff refers to the State's "nefarious actions to charge the plaintiff repeatedly for multiple Connecticut General Statutes," ECF No. 1 at 10 ¶ 15, and the nolle of the charge that is the focus of his allegations against the other defendants.  Even if the court were to construe the claims as asserted against the State rather than the governor, the claim fails.  The State of Connecticut is immune from suit for damages unless it has waived its Eleventh Amendment sovereign immunity.  *See Florida Dep't of State v. Treasure Salvors*, 458 U.S. 670, 684 (1982).  The plaintiff alleges no facts suggesting that the State has waived its immunity in this case.  Accordingly, any claims against the State also fail.

B.   <u>First Amendment</u>

The plaintiff argues that Bastone, Winters, and the two Wanats violated his First Amendment right to freedom of speech by reporting his Facebook post to the Redding Police

4

Department causing his arrest.

"The First Amendment limits the government's ability to regulate the content of speech." *United States v. Herron*, 762 F. App'x 25, 29-30 (2d Cir. 2019) (summary order) (citing *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 641 (1994)).  Defendants Bastone, Winters, and Wanats are private citizens, not government actors.  For their actions to be imputed to the state, and therefore actionable as a First Amendment violation, the plaintiff must allege facts showing "a sufficiently close nexus between the State and the challenged action of [the private defendants] so that the action ... may be fairly attributed to the State itself."  *NCAA v. Tarkanian*, 488 U.S. 179, 192 n.12 (1988) (citations omitted); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (private party may be held liable if it was "a willing participant in joint activity with the State or its agents"); *Cea v. Potter*, No. 11-cv-3791(NSR), 2014 WL 4446494, at *6 (S.D.N.Y. Sept. 8, 2014) (noting that involvement of private party in conspiracy with state actors is sufficient to hold private party liable under First Amendment).

The plaintiff alleges only that defendants Bastone, Winters, and the two Wanats reported the post to the police.  The police then consulted the State's Attorney and were advised to seek a warrant for the plaintiff's arrest.  The private defendants had no further involvement after reporting the incident and were not involved in the decision to seek the plaintiff's arrest.  Thus, these defendants were not involved in joint activity with the police officers and are not state actors.  The First Amendment claim against defendants Bastone, Winters, and the two Wanats are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Further, the use of the plaintiff's Facebook post as evidence of a crime does not violate the plaintiff's right to freedom of speech.  "The First Amendment ... does not prohibit the

evidentiary use of speech to establish the elements of a crime or to prove motive or intent."
*Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993); *United States v. Herron*, 762 F. App'x 25, 30
(2d Cir. 2019) (summary order) (same). Thus, the police did not violate the plaintiff's First
Amendment rights. Any claim that the police violated the plaintiff's First Amendment rights by
using his Facebook post to support his arrest also fails.

    C.  <u>Fourteenth Amendment</u>

      The plaintiff argues that defendants Bastone, Winters, and the two Wanats deprived him
of due process by reporting the Facebook post to the police. The Due Process Clause is found in
the first section of the Fourteenth Amendment, which section prohibits only state action. *See*
*United States v. Morrison*, 529 U.S. 598, 621 (2000) ("[T]he principle has become firmly
embedded in our constitutional law that the action inhibited by the first section of the Fourteenth
Amendment is only such action as may fairly be said to be that of the States. That Amendment
erects no shield against merely private conduct, however discriminatory or wrongful." (quoting
*Shelley v. Kraemer*, 334 U.S. 1, 13, and n.12 (1948) (internal quotation marks omitted)). Thus,
as defendants Bastone, Winters, and the two Wanats have been determined not to be state actors,
the plaintiff cannot state a Fourteenth Amendment claim against them.

      The Due Process Clause provides that the plaintiff cannot be deprived of liberty without
due process. The plaintiff alleges that he was confined for ten months and then the charge was
nolled. Records available on the Department of Correction website show that the plaintiff was
last admitted to custody on February 2, 2020, and was sentenced on November 25, 2020 on a
charge of criminal violation of a protective order. *See* Department of Correction website,
ctinmateinfo.ct.state.us/detailsupv.asp?id_inmt_num=250887. The sentencing date is the same

day the plaintiff alleges the new charge was nolled.  The record shows that the plaintiff was in the custody of the Department of Correction, not the Redding Police Department, for the ten months before the charge was nolled.  As he was not in police custody, the police defendants did not deprive the plaintiff of his liberty during this time.  Further, prosecutions in Connecticut are the responsibility of the Office of the Chief State's Attorney.  *See Harasz v. Katz*, 239 F. Supp. 3d 461, 475 (D. Conn. 2017) (noting that, under state statutory scheme, responsibility for initiating criminal proceedings rests with Office of the State's Attorney).  Thus, any delay in pursuing the charge also does not fall on the police defendants.  The plaintiff's Fourteenth Amendment claim against the police defendants also is dismissed.

      D.  <u>False Arrest</u>

      In his claim, captioned Kidnapping, the plaintiff alleges that the police arrested him without probable cause.  ECF No. 1 at 12 ¶¶ 20-21.  The Court, therefore, considers this claim a federal claim for false arrest.

      Federal claims for false arrest are analyzed under state law.  *See El Badrawi v. Department of Homeland Sec.*, 579 F. Supp. 2d 249, 269 (D. Conn. 2008) ("The elements of false arrest/false imprisonment under Connecticut law are essentially the same elements needed to articulate a Fourth Amendment violation.") (citations omitted).  Favorable termination of the charges is an element of a claim for false arrest.  *See Miles v. City of Hartford*, 445 F. App/'x 379, 383 (2d Cir. 2011) ("favorable termination is an element of 'a section 1983 claim sounding in false imprisonment or false arrest'") (quoting *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992)).

The plaintiff alleges that the charge was nolled.  The records on the Department of
Correction website shows that the plaintiff was sentenced on the one charge for which he was
previously convicted on November 25, 2020, the same day the charge was nolled.  The plaintiff
provides no information to indicate whether the charge was nolled as part of the sentencing.  As
the record is not clear, the Court will permit the false arrest claim to proceed against defendants
Quinn, Vadas, and Patterson.

    E.  <u>State Law Claims</u>

The plaintiff also asks the Court to take supplemental jurisdiction over his many state law
claims.  Title 28, section 1367(a), of the United States Code provides that "in any civil action of
which the district courts have original jurisdiction, the district courts shall have supplemental
jurisdiction over all other claims that are so related to claims in the action within such original
jurisdiction that they form part of the same case or controversy under Article III of the United
States Constitution."  Claims are part of the same case or controversy "when they derive from a
common nucleus of operative fact."  *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328,
335 (2d Cir. 2006) (internal quotation marks and citation omitted).  Therefore, if "the facts
underlying the federal and state claims substantially overlap or ... presentation of the federal
claim necessarily [brings] the facts underlying the state claim before the court," the exercise of
supplemental jurisdiction is warranted.  *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d
697, 704 (2d Cir. 2000) (internal citation omitted).  If, however, the federal and state claims
"rest[] on essentially unrelated facts," the exercise of supplemental jurisdiction is not justified.
*Id.  See Bell v. SL Green Realty Corp.*, No. 19 Civ. 8153(LGS), 2021 WL 516575, at *8
(S.D.N.Y. Feb. 11, 2021) (declining to exercise supplemental jurisdiction over state law claim

8

where "the state law claims are asserted against a different defendant than the defendant of the surviving § 1981 claim and are factually distinct claims arising out of different events"); *Meyer v. State of N.Y. Off. of Mental Health*, 174 F. Supp. 3d 673, 695 n.32 (E.D.N.Y. 2016) (declining to exercise supplemental jurisdiction over state claim asserted against different defendant and involving unrelated claim), *aff'd sub nom. Meyer v. N.Y. State Off. of Mental Health*, 679 F. App'x 89 (2d Cir. 2017).

The plaintiff asserts a claim against Bank of America CEO Moynihan for failing to release funds to a person with the plaintiff's power of attorney and failing to cancel his ATM card despite knowing that an unknown person was withdrawing funds from the plaintiff's account. The plaintiff also asserts a claim against his brother for breach of fiduciary duty in connection with the administration of their mother's estate. Although the plaintiff alleges that these actions prevented him from posting bond, the two claims are distinct from the allegedly false accusation leading to his arrest. They involve separate defendants and unrelated facts. Thus, exercise of supplemental jurisdiction over these claims in inappropriate.

The plaintiff also asserts state law claims for negligence, defamation, and slander against defendants Bastone, Winters, and the two Wanats in connection with their reporting the Facebook post to the police.[2] As these claims involve the Facebook post, they are related to the false arrest claim and will proceed under the court's supplemental jurisdiction.

The plaintiff asserts a defamation claim against the police officers because the fact of his arrest was released to the media. To establish a defamation claim under Connecticut law, the

---

[2] The plaintiff also characterized these actions as "abduction." As there is no state tort for abduction, the court considers the abduction claim to be a restatement of his defamation claim.

plaintiff must show that the defendant "published unprivileged false statements that harmed the plaintiff." *Cweklinsky v. Mobil Chemical Co.*, 297 F.3d 154, 159 (2d Cir. 2002) (citing *Torosyan v. Boehringer Ingelheim Pharms., Inc.*, 234 Conn. 1, 27 662 A.2d 89 (1995)).  The plaintiff concedes that he was arrested.  Thus, he identifies no false information that was released to the media.  The plaintiff's defamation claim against defendants Quinn, Vadas, and Patterson is dismissed.  *Cf. Houghton v. Cardone*, 295 F. Supp. 2d 268, 274 (W.D.N.Y. 2003) (reporting fact of arrest not defamatory).

The plaintiff also alleges that the police officers slandered him when they repeated the report of defendants Bastone, Winters, and the two Wanats to the State's Attorney.  The police were seeking advice on whether the post violated the restraining order.  Research reveals no cases finding slander in such circumstances.  The slander claim against defendants Quinn, Vadas, and Patterson is dismissed.

III.    Conclusion

The Clerk is directed to add Sergeant Quinn, Officer Vadas, and Officer Patterson of the Redding Police Department; and private citizens John Wanat, Sean Wanat, Pasqualina Bastone, Daniel Sentementes, Bank of America CEO Brian Moynihan, and Susan Winters as defendants in this case.

All claims against Governor Lamont and the State of Connecticut; the First and Fourteenth Amendment claims and the defamation and slander claims against defendants Quinn, Vadas, and Patterson are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).  The Court declines to exercise supplemental jurisdiction over the claims against defendants Moynihan and Sentementes.

10

The case will proceed on the federal claim for false arrest against defendants Quinn, Vadas, and Patterson in their individual capacities; the negligence, defamation, and slander claims against defendants Bastone, Winters, Sean Wanat, and John Wanat; and the intentional infliction of emotional distress claims against defendants Quinn, Vadas, Patterson, Bastone, Winters, Sean Wanat, and John Wanat.

The Court enters the following additional orders.

(1)     **The Clerk shall** mail a waiver of service of process request packet containing the Complaint and this Order to defendants Quinn, Vadas, and Patterson at the Redding Police Department, 96 Hill Road, Redding, CT 06875 and to defendants Bastone, Sean Wanat, and John Wanat at the addresses provided in the handwritten complaint within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing.  If the any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the cost of such service.

(2)     T**he Clerk shall** send the plaintiff a copy of this Order.

(3)     The defendants shall file their responses to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If they choose to file answers, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(5)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(6)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  The plaintiff should also notify the defendants or the attorney for the defendants of his new address.

(8)     The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.  The plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.  In addition, the plaintiff must serve copies of all documents by regular mail on any defendant who does not participate in electronic filing.

(9)     The Clerk cannot effect service on defendant Winters without a service address. The plaintiff shall obtain this address and provide it to the court within thirty days from the date of this order.  Failure to do so will result in the dismissal of all claims against defendant Winters.

12

**SO ORDERED** this 20th day of April 2021 at Hartford, Connecticut.

                    _____/s/_____
                    Michael P. Shea
                    United States District Judge