UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS SENTEMENTES,<br>    Plaintiff, | CASE NO. 3:21-cv-453 (MPS) |
| v. | |
| NED LAMONT,<br>    Defendant. | APRIL 27, 2021 |

_____

**ORDER**

    Plaintiff Thomas Sentementes, has filed a document, captioned a motion for preliminary injunction, seeking an order that defendants Winters, Bastone, John Wanat, and Sean Wanat be prohibited from selling, transferring, or lending their assets and that the assets and financial affidavits be filed with the court.  The plaintiff states that the court has ordered service on these defendants for his supplemental state law tort claims and expresses his belief that he will likely prevail on the claims given the low standard of proof.  He also states that the entirety of the assets of the defendants cannot adequately compensate him for his injuries.  As the motion seeks to identify and secure assets to satisfy a judgment, this motion actually is a motion for prejudgment remedy governed by Federal Rule of Civil Procedure 64, not a motion for preliminary injunction.  For the following reasons, the motion is denied.

    Rule 64(a) provides in pertinent part that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located,

provides for seizing a person or property to secure satisfaction of the potential judgment." The procedure for obtaining a prejudgment remedy under Rule 64 is governed by state law. *See Crispin v. Roach*, No. 3:20-cv-1184(KAD), 2020 WL 6263185, at *9 (D. Conn. Oct. 23, 2020); *see also Everspeed Enterprises Ltd. v. Skaarup Shipping Int'l*, 754 F. Supp. 2d 395, 401 (D. Conn. 2010) ("Rule 64 of the Federal Rules of Civil Procedure permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action.").

"Under Connecticut law, a prejudgment remedy is appropriate if the court, 'upon consideration of the facts before it and taking into account any defenses, counterclaims or setoffs ... finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought[.]'" *Roberts v. TriPlanet Partners, LLC*, 950 F. Supp. 2d 418, 420 (D. Conn. 2013) (quoting Conn. Gen. Stat. § 52-278d(a)). Thus, to obtain a prejudgment remedy, the plaintiff must show there is probable cause to support his claims. *Crispin*, 2020 WL 6263185, at *10 (citation omitted).

Connecticut General Statutes Section 52-278c sets forth the required documents that must be filed in connection with an application for prejudgment remedy and the required notice that must be served on the defendants. Except in instances not applicable here, an application for prejudgment remedy must be accompanied by an "affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought[.]" Conn. Gen. Stat. § 52-278c(a)(2). (The Court also notes that an affidavit, verified complaint, or other evidence would likewise be required to

obtain a preliminary injunction – or even a hearing on a motion for preliminary injunction.) In addition, section 52-278c "requires that a notice and claim form containing specific language be attached to the application for prejudgment remedy." *Davila v. Secure Pharmacy Plus*, 329 F.

The plaintiff states that "the state of Connecticut[']s evidence from the defendants in the plaintiff[']s criminal case proves the torts by the defendants...." ECF No. 10 at 2. That evidence is not before the court. Nor has the plaintiff submitted the required affidavit. The plaintiff's conclusory statement is insufficient to demonstrate probable cause for his claims. Further, he provides no evidence that he has complied with the other statutory requirements to obtain a prejudgment remedy. Thus, the motion is denied. *See Crispin*, 2020 WL 6263185, at *10 (denying motion for prejudgment remedy because motion did "not comply with the statutory requirements set forth in Conn. Gen. Stat, § 52-278c nor meet the exacting standards required thereunder"); *Adeyemi v. Murphy*, No. 3:12-cv-960, 2012 WL 6155213, at *2 (D. Conn. Dec. 11, 2012) (denying motion for prejudgment remedy for failure to comply with statutory requirements of Conn. Gen. Stat. § 52-278c).

Nor is the plaintiff's motion cognizable as a motion to disclose property. Connecticut General Statutes § 52-278n(c) provides that a disclosure of property can be ordered only after the court "has determined that the party filing the motion for disclosure has, pursuant to section 523-278d, 52-278e, or 52-278i, probable cause sufficient for the granting of a prejudgment remedy." As the court has concluded that the plaintiff has not established probable cause for the issuance of a prejudgment remedy, any motion for disclosure also would be denied. *See Green v. Shaw*, No. 3:17-cv-913(CSH), 2017 WL 4681949, at *2 (D. Conn. Oct. 18, 2017) (denying motion for disclosure of property where plaintiff failed to demonstrate probable cause for issuance of

3

prejudgment remedy).

The plaintiff's motion [**ECF No. 10**] is **DENIED** without prejudice.

**SO ORDERED** this 27th day of April 2021 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge