UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS SENTEMENTES,<br>Plaintiff, | : <br> : <br> : <br> : | CASE NO. 3:21-cv-453 (MPS) |
| v. | : <br> : | |
| NED LAMONT,<br>Defendant. | : <br> : <br> : | JUNE 25, 2021 |

___

**RULING ON MOTION TO INCORPORATE CAUSE OF ACTION**

Plaintiff Thomas Sentementes, incarcerated at Osborn Correctional Institution in Somers, Connecticut, filed this case asserting claims against members of the Redding Police Department and private citizens. The remaining claims are a federal claim for false arrest against Redding Police Officers Quinn, Vadas, and Patterson in their individual capacities and supplemental state law claims for negligence, defamation, and slander against private citizens Bastone, Winters, Sean Wanat, and John Wanat and for the intentional infliction of emotional distress against defendants Quinn, Vadas, Patterson, Bastone, Winters, Sean Wanat, and John Wanat. The plaintiff now seeks to add a claim for malicious prosecution. In support of his motion, he states that he asserted a claim for malicious prosecution in another federal case based on similar facts. For the following reasons, the plaintiff's motion is denied without prejudice.

"It is well established ... that a memorandum of law or other motion papers are not proper vehicles by which to raise claims that are not asserted in the complaint." *Allah v. Poole*, 506 F. Supp. 2d 174, 193 (W.D.N.Y. 2007) (citations omitted). The proper way to amend a complaint

to include a new claim is through an amended complaint filed pursuant to Federal Rule of Civil Procedure 15(a). *See Tooker v. Guerrera*, No. 15-CV-2430(JS)(ARL), 2016 WL 4367956, at *11 (E.D.N.Y. Aug. 15, 2016) (denying without prejudice motion to amend complaint to include new claim and directing plaintiff to file motion for leave to amend and proposed amended complaint). Further, as the plaintiff has not filed a proposed amended complaint, the Court is unable to review the plaintiff's allegations to determine whether he states a plausible malicious prosecution claim. Accordingly, the plaintiff's motion is denied without prejudice.

Should the plaintiff wish to amend his complaint he may do so by filing a motion for leave to amend accompanied by a proposed amended complaint in accordance with Rule 15(a).[1] The plaintiff is advised that he must allege facts identifying which of the several prosecutions he included in the Complaint is associated with his malicious prosecution claim and showing how each defendant against whom the claim is asserted was involved in the claim. In addition, the proposed amended complaint shall not include any defendants or claims dismissed in the Initial Review Order.

The plaintiff's motion to incorporate a cause of action for malicious prosecution [**ECF No. 14**] is **DENIED** without prejudice to filing a motion for leave to amend accompanied by a proposed amended complaint.

**SO ORDERED** this 25th day of June 2021 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge

---

[1] Defendant John Wanat filed a Motion for More Definite Statement on June 23, 2021. Thus, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), the plaintiff may amend his complaint once as of right only if he does so by July 14, 2021.