UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| THOMAS SENTEMENTES, | : | |
| Plaintiff, | : | CASE NO. 3:21-cv-453 (MPS) |
| | : | |
| v. | : | |
| | : | |
| NED LAMONT, | : | |
| Defendant. | : | NOVEMBER 22, 2021 |
| | : | |

**RULING ON DEFENDANT SEAN WANAT'S SPECIAL MOTION TO DISMISS**

**I.    Introduction**

The plaintiff, Thomas Sentementes, filed this action against various police officers and private citizens asserting federal and state law claims relating to several arrests. Following initial review, the only claims against Sean Wanat are state law claims for negligence, defamation, slander, and intentional infliction of emotional distress. These claims are asserted jointly against defendants John Wanat, Sean Wanat, Bastone, and Winters. *See* Initial Review Order, ECF No. 8. Defendant Sean Wanat ("the defendant") has filed a special motion to dismiss pursuant to Connecticut General Statutes § 52-196a, Connecticut's anti-SLAPP[1] statute, in which he seeks dismissal of the claims for defamation and slander. For the following reasons, the defendant's motion is denied.

---

[1] "SLAPP is an acronym for a 'strategic lawsuit against public participation,' which is a suit that is brought primarily to chill the valid exercise of a defendant's right to free speech ....". *Ernst v. Carrigan*, 814 F.3d 116, 117 (2d Cir. 2016).

**II.     Standard**

State law provides that a defendant may file a special motion to dismiss the complaint "[i]n any civil action in which a party files a complaint … against an opposing party that is based on the opposing party's exercise of its right to free speech, right to petition the government, or right of association under the Constitution of the United States or the Constitution of the state in connection with a matter of public concern…." Conn. Gen. Stat. § 52-196a(b).  The court must stay all discovery upon the filing of a special motion to dismiss but may order specified and limited discovery relevant to the motion.  Conn. Gen. Stat. § 52-196a(d).  In ruling on the motion, the court considers the pleadings as well as supporting and opposing affidavits of the parties.  Conn. Gen. Stat. § 52-196a(e)(2).

> The court shall grant a special motion to dismiss if the moving party makes an initial showing, by a preponderance of the evidence, that the opposing party's complaint … is based on the moving party's exercise of its right to free speech, right to petition the government, or right of association under the Constitution of the United States or the Constitution of the state in connection with a matter of public concern, unless the party that brought the complaint … sets forth with particularity the circumstances giving rise to the complaint … and demonstrates to the court that there is probable cause, considering all valid defenses, that the party will prevail on the merits of the complaint….

Conn. Gen. Stat.  § 52-196a(e)(3).

When the federal court considers state-law claims under its diversity or supplemental jurisdiction, the court applies state substantive law and federal procedural law.  *Abernathy v. EmblemHealth, Inc.*, No. 17 Civ. 7814(KPF), 2020 WL 3578092, at *2 (S.D.N.Y. July 1, 2020). In determining whether a state anti-SLAPP statute applies in federal court, the court must determine whether "a Federal Rule of Civil Procedure answer[s] the same question" as the

2

special motion to dismiss. *La Liberte v. Reid*, 966 F.3d 79, 87 (2d Cir. 2020). If so, the Federal Rule of Civil Procedure governs, unless the federal rule violates the Rules Enabling Act. *Id.*

## III. DISCUSSION[2]

The Second Circuit has not yet addressed the applicability of the Connecticut statute to proceedings in federal court, and the four reported decisions in which an anti-SLAPP special motion to dismiss was filed in this district have ruled on other grounds and declined to address the special motion to dismiss. *See Lawrence v. Hearst Commc'ns*, No. 3:20-cv-200(MPS), 2021 WL930081, at *11 n.10 (D. Conn. Mar. 11, 2021) (declining to address special motion to dismiss as alternative basis to dismiss case because court had converted motion to dismiss to motion for summary judgment, granted motion, and dismissed case); *Kahn v. Yale Univ.*, No. 3:19-cv-1966(KAD), 2021 WL 66458, at *3 n.4 (D. Conn. Jan. 7, 2021) (declining to reach anti-SLAPP special motion to dismiss where the court granted motion to dismiss filed under Fed. R. Civ. P. 12(b)(6)); *Zuro v. Town of Darien*, 432 F. Supp. 3d 116, 130 (D. Conn. 2020) (declining to rule on the merits of anti-SLAPP special motion to dismiss as all federal claims had been dismissed); *Thurmand v. University of Conn.*, No. 3:18-cv-1140(JCH), 2019 WL 1763202, at *8 (D. Conn. Apr. 22, 2019) (declining to reach anti-SLAPP special motion to dismiss).

In *Adelson v. Harris*, 774 F.3d 803 (2d Cir. 2014), the Second Circuit considered the Nevada anti-SLAPP statute, Nev. Stat. § 41.650, which provides: "A person who engages in good faith communication in furtherance of the right to petition or the right to free speech in

---

[2] In their memoranda in support of and opposition to the special motion to dismiss, the parties addressed only the merits of the motion. Neither addressed whether the Connecticut anti-SLAPP statute applies to proceedings in federal court. The Court directed both parties to file supplemental memoranda addressing that issue by October 8, 2021. Defendant Wanat complied with the order. *See* ECF No. 57. The plaintiff did not.

3

direct connection with an issue of public concern is immune from any civil action for claims based upon the communication." The court held that, where the cause of action is created by state law, the state also may define defenses to the cause of action, including immunity. *Id.* at 809. The District of Vermont interpreted *Adelson* as espousing a narrow reading of Rules 12 and 56 that aligned with other states finding that anti-SLAPP provisions do not conflict with the Federal Rules of Civil Procedure and held that the Vermont anti-SLAPP statute does not conflict with federal law. *See MyWebGrocer, Inc. v. Adlife Marketing & Commc'n Co., Inc.*, No. 5:16-cv-310, 2018 WL 8415139, at *2-3 (D. Vt. Jan. 30, 2018).

More recently, however, the Second Circuit addressed the California anti-SLAPP statute, which is closer to the Connecticut statute than the Nevada statute, in that both the California and Connecticut statutes permit special motions with limited discovery—a special motion to strike in California and a special motion to dismiss in Connecticut. *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020). In *La Liberte*, the Second Circuit determined that California's anti-SLAPP statute was inapplicable in federal court because it increased a plaintiff's burden to overcome pretrial dismissal of her claims beyond that required by Federal Rules of Civil Procedure 12 and 56. 966 F.3d at 83.

The defendant argues that the Connecticut anti-SLAPP statute does not conflict with the Federal Rules of Civil Procedure and so may be applied in federal court. This Court disagrees. Although the Connecticut statute is not identical to the California statute considered by the court in *La Liberte*, it similarly "answer[s] the same question" as Federal Rules of Civil Procedure 12 and 56—specifically, whether a claim should be dismissed before trial.

Under Rule 12(b)(6), "the pleading burden is to allege 'enough facts to state a claim to

relief that is plausible on its face.'" *La Liberte*, 966 at 87 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The rule "does not impose a probability requirement at the pleading stage … [A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.* Connecticut's anti-SLAPP statute does not require "probability" but instead a showing of "probable cause" that the plaintiff will prevail on the merits of his complaint. Conn. Gen. Stat. § 52-196a(e)(3). "Probable cause" under the Connecticut statute requires less than the California statute's "probability" standard. *See Gifford v. Taunton Press*, DBDCV186028897S, 2019 WL 3526461, at *6 (Conn. Super Ct. July 11, 2019) (distinguishing Connecticut statute from New Hampshire statute requiring probability finding because Connecticut statute requires only probable cause). Under Connecticut law, "probability" is "the same standard as preponderance of the evidence, which in [Connecticut] jurisprudence is described as a 'more likely than not' standard." *Id.* (citing *Tianti v. William Raveis Real Estate, Inc.*, 231 Conn. 690, 702 (1995)). In contrast, "civil probable cause constitutes a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *Id.* (quoting *One Fawcett Place Ltd. Partnership v. Diamandis Comms., Inc.*, 24 Conn. App. 524, 524 (1991)); *see also Elder v. Kauffman*, 204 Conn. App. 818, 825 (2021) (quoting *Three S. Development Co. v. Santore*, 193 Conn. 174, 175 (1984)) . Still, even this civil probable cause standard requires a plaintiff to show more than "that success is … merely plausible," which is all that Rule 12(b)(6) requires. *La Liberte*, 966 F.3d at 87.

In addition, the Connecticut statute conflicts with Rule 56, which permits summary

5

judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Second Circuit observed in *La Liberte* that "[t]he Rule thus enables plaintiffs to proceed to trial by identifying any genuine dispute of material fact, whereas California's anti-SLAPP statute nullifies that entitlement by requiring the plaintiff to prove that it is likely, and not merely possible, that a reasonable jury would find in his favor." *La Liberte*, 966 F.3d at 87.  As already noted, the Connecticut statute does not require a showing of likelihood of success, but it does differ from Rule 56 in two key respects.  First, while it is in some respects "similar to a motion for summary judgment," *Elder*, 204 Conn. App. At 824, it is unlike a Rule 56 motion in that it requires the court not to assess whether there is a dispute of material fact but rather to weigh evidence to determine whether the plaintiff has met his burden of demonstrating probable cause. *See Kaufman v. Synnott*, No. FSTCV185018366S, 2021 WL 4295356, at *8 (Conn. Super. Ct. Aug. 27, 2021).  Second, the Connecticut statute provides only for limited discovery via a "truncated evidentiary procedure," *Elder*, 204 Conn. App. at 824, while Rule 56 imposes no limitations on discovery.  Thus, while a special motion to dismiss under Connecticut's statute is in some ways similar to a Rule 56 motion for summary judgment, Connecticut's special motion requires the plaintiff to make a showing not required by the federal rule, and without the benefit of full discovery permitted under that rule.  *See Sweigert v. Goodman*, No. 18-cv-8653(VEC)(SDA), 2021 WL 1578097, at *3 (S.D.N.Y. Apr. 22, 2021) (collecting cases in support of conclusion that aspects of New York's anti-SLAPP statute conflicted with Rules 12 and 56 because they permit "courts to consider supporting and opposing affidavits at the motion to dismiss stage, while at the same time putting limits on what, if any, discovery a plaintiff may

pursue").

In sum, the Connecticut anti-SLAPP statute answers the same question as Rules 12 and 56—whether a claim should be dismissed pre-trial—but does so in a manner different from either rule. Thus, per the Second Circuit's ruling in *La Liberte*, the Federal Rules govern, unless they conflict with the Rules Enabling Act. Neither rule does so. *La Liberte*, 966 F.3d at 88 ("We have little difficulty concluding that Rules 12 and 56 comply with the Rules Enabling Act.") (internal alteration and quotation marks omitted). So the Connecticut anti-SLAPP statute does not govern proceedings in federal court.

IV. **CONCLUSION**

The defendant's special motion to dismiss [**ECF No. 52**] is **DENIED**. Defendant Sean Wanat is directed to file his response to the Complaint within **twenty (20) days** from the date of this order.

**SO ORDERED** this 22nd day of November 2021 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge