UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS SENTEMENTES,<br>Plaintiff, | : <br> : <br> : | CASE NO. 3:21-cv-453 (MPS) |
| v. | : <br> : | |
| NED LAMONT,<br>Defendant. | : <br> : <br> : | FEBRUARY 18, 2022 |

**RULING ON PLAINTIFF'S MOTION FOR REASONABLE ATTORNEY FEES**

The plaintiff, Thomas Sentementes, filed this action against various police officers and private citizens asserting federal and state law claims relating to several arrests. Defendant Sean Wanat filed a Special Motion to Dismiss under Connecticut's anti- SLAPP[1] statute, Connecticut General Statutes § 52-196a, seeking dismissal of the claims for defamation and slander. After the Court denied the special motion to dismiss, the plaintiff filed this motion seeking reasonable attorney's fees and costs under the statute. For the following reasons, the plaintiff's motion is denied.

The Connecticut statute provides that "[i]f the court denies a special motion to dismiss under this section and finds that such special motion to dismiss is frivolous and solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to the

---

[1] "SLAPP is an acronym for a 'strategic lawsuit against public participation,' which is a suit that is brought primarily to chill the valid exercise of a defendant's right to free speech ...." *Ernst v. Carrigan*, 814 F.3d 116, 117 (2d Cir. 2016).

party opposing such special motion to dismiss." Conn. Gen. Stat. § 52-196a(f)(2). The Court denied the special motion to dismiss but made no finding that the motion was frivolous and solely intended to cause unnecessary delay.

The plaintiff now argues that the Court should find the motion frivolous because counsel did not address the applicability of a special motion to dismiss in federal court.

Frivolousness, in federal court is considered as lacking an arguable basis in law or fact. *See United States v. Bove*, 888 F.3d 606. 608 (2d Cir. 2018) ("The word 'frivolous,' used to describe pleadings, is defined as '[m]anifestly insufficient or futile'—in other words, obviously lacking a 'basis in law or fact.'" (footnotes omitted)). The state courts apply the same standard. *See Matthews v. Department of Pub. Safety*, No. HHCV116019959S, 2019 WL 6245770, at \* (Conn. Super. Ct. Oct. 31, 2019) (considering a frivolous filing to be analogous to a filing that is "entirely unreasonable or without any reasonable basis in law or fact.") (quoting *Schoonmaker v. Lawrence Brunoli, Inc.*, 265 Conn. 210, 256 n.57, 828 A.2d 64, 96 n.57 (2003)) (internal quotation marks omitted).

At the time defendant Wanat filed his motion, neither the Second Circuit nor this court had directly addressed the applicability of the Connecticut anti-SLAPP statute in federal court. As federal courts in other jurisdictions had applied state anti-SLAPP statutes, defendant Wanat's assumption that the statute was applicable was not entirely unreasonable. Further, in response to the Court's order, defendant Wanat made an argument, supported by law from other courts, for the Connecticut statute's applicability. That defendant Wanat was unsuccessful does not mean that his arguments were frivolous, that is, totally lacking in a factual or legal basis. As the

motion was not frivolous, the plaintiff is not entitled to attorney's fees and costs.[2]

The plaintiff's motion for reasonable attorney fees [**ECF No. 65**] is **DENIED**.

**SO ORDERED** this 18th day of February 2022 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge

---

[2] As the plaintiff's request is denied on this basis, the Court need not determine whether the plaintiff as a self-represented party, is even entitled to attorney's fees under the statute.